**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICK GARY SEVERNS,

        Plaintiff - Appellant,

  v.

FRANK BISIGNANO, Commissioner of
Social Security,

        Defendant - Appellee.

No. 24-4644

D.C. No.
2:23-cv-05589-RAO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Rozella Ann Oliver, Magistrate Judge, Presiding

Submitted May 19, 2025[**]
Pasadena, California

Before: WARDLAW and JOHNSTONE, Circuit Judges, and RASH, District
Judge.[***]

      Rick Severns appeals a district court order affirming the denial by an

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Scott H. Rash, United States District Judge for the
District of Arizona, sitting by designation.

Administrative Law Judge ("ALJ") of his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's order affirming the ALJ's denial of benefits. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). "The Commissioner's denial of disability benefits may be set aside only when the ALJ's findings are based on legal error or not supported by substantial evidence in the record." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003). "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (citations and internal quotation marks omitted).

1. The ALJ provided specific and legitimate reasons for discounting Dr. Metcalf's opinions regarding Severns' extreme limitations. Dr. Metcalf's opinions conflict with his own treatment notes, which revealed only benign objective findings including tenderness, a positive straight leg raising test, and a positive pelvic compression test. "A conflict between a treating physician's medical opinion and his own notes is a 'clear and convincing reason for not relying on the doctor's opinion,' and therefore is also a specific and legitimate reason for

2                                                                                          24-4644

rejecting it." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)).

2. Additionally, the ALJ permissibly found that Dr. Metcalf's opinions were conclusory and inadequately supported by the record. Dr. Metcalf largely relied on checklist forms without explanations or objective findings to complete his assessments. "While an opinion cannot be rejected merely for being expressed as answers to a check-the-box questionnaire, the ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions." *Ford*, 950 F.3d at 1155 (citations and internal quotation marks omitted); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (an ALJ must resolve conflicts between medical opinions and may look to the level of explanation for the various opinions to resolve conflicts).

3. Finally, Dr. Metcalf's opinion was contradicted by the opinion of Dr. David Wood, an "Agreed Medical Examiner," for the purposes of Severns' workers' compensation claim. Dr. Wood concluded that his examination "did not reveal any significant findings"—a conclusion distinctly at odds with Dr. Metcalf's opinion that Severns could only sit, stand, and walk up to two hours each. Because Dr. Wood's opinion was consistent with and supported by the record, the ALJ did not err in assigning it significant weight. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians

3                                                                 24-4644

may [] serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

**AFFIRMED.**